UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

(FLORENCE DIVISION)

**CYNTHIA EPPS,**
Plaintiff,

v.

**PEE DEE HEALTHY START, INC.,**
Defendant.

Civil Action No.: _____

## COMPLAINT FOR VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND THE SOUTH CAROLINA HUMAN AFFAIRS LAW

### I. PARTIES

1. Plaintiff Cynthia Epps is a resident of Dillon County, South Carolina.

2. Defendant Pee Dee Healthy Start, Inc. is a South Carolina nonprofit corporation with its principal place of business 314 W. Pine Street Florence, South Carolina 29501.

3. Upon information and belief, Defendant employed twenty (20) or more employees during the relevant period and is therefore an "employer" within the meaning of the **Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.** Furthermore, Defendant employed fifteen (15) or more employees and is an "employer" within the meaning of the **South Carolina Human Affairs Law ("SCHAL"), S.C. Code Ann. § 1-13-30(e).**

## II. JURISDICTION AND VENUE

4. This action arises under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to **28 U.S.C. § 1367**, as the state law claims arise from the same nucleus of operative facts as the federal ADEA claims.

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission in April 2025, within 300 days of Defendant's unlawful conduct.

7. Plaintiff has filed this action within ninety (90) days of receipt of that Notice. A copy of the Notice of Right to Sue is attached as Exhibit A. Plaintiff has exhausted all administrative prerequisites to filing this action.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and the events giving rise to this action occurred within this District.

9. Plaintiff has satisfied all conditions precedent to bringing this action.

## III. STATEMENT OF FACTS

**Employment History**

10. Plaintiff was employed by Defendant from January 2021 through March 28, 2025.

11. Plaintiff was born on January 6, 1965. At the time of her termination, she was 60 years old and within the class protected by the ADEA (age 40 and older).

12. Plaintiff was qualified for her position and performed the essential functions of her job.

**Resource Disparities and Early Complaints**

13. In 2021, under the "Project Respect" grant, Defendant represented that each county would be staffed with two Health Facilitators, two Teen Support staff members, and a designated local office.

14. Plaintiff served as the sole Health Facilitator for Dillon County for over a year without the promised staffing support.

15. Despite the lack of staffing, Plaintiff was written up for enrollment deficiencies.

16. Under the later "Eliminating Disparities" grant, younger Case Managers in other counties were provided full staffing and local office space.

17. Even with full staffing, those younger Case Managers struggled to meet enrollment goals, yet were not terminated.

18. **Under both grants,** Plaintiff repeatedly notified her supervisor, Human Resources, and the Executive Director/CEO via email that enrollment challenges were directly tied to inequitable resource allocation.

19. During a meeting attended by Plaintiff and other Case Managers, at least one substantially younger Case Manager disclosed that she earned a higher salary than Plaintiff while holding the same title, working under the same grant, and being subject to the same enrollment metrics. Upon information and belief, other substantially younger Case Managers were likewise compensated at higher salaries than Plaintiff for the same position.

**Reassignment and Continued Disparate Treatment**

20. In November 2023, Plaintiff was reassigned to serve as Case Manager for Marlboro County, a county described as a "Maternal Desert."

21. Plaintiff did not meet the stated residency requirement for that position; however, Defendant selected her without adjusting compensation to the higher Case Manager pay scale. Despite the significant increase in responsibilities and workload, Plaintiff remained at her lower Health Facilitator salary while substantially younger Case Managers were hired or retained at the higher salary rate.

22. Unlike substantially younger Case Managers, Plaintiff was not provided:

• Two Alumni Peer Navigators ("APNs");

- A private office in her county of assignment;

- Consistent access to necessary office equipment and supplies.

**23.** In February 2025, during an all-staff meeting attended by grant officials, substantially younger Case Managers with APN support, who held the same title, same supervisor and were subject to the same enrollment metrics as Plaintiff, admitted struggling to meet enrollment goals despite receiving additional staffing assistance.

**24.** Plaintiff received no such staffing support.

**25.** Plaintiff was frequently addressed in the workplace as "Yes, ma'am", "Ms." and even "Ma" in circumstances where younger Case Managers were not, reflecting differential treatment associated with age.

**26.** Despite the lack of resources, Plaintiff doubled prior enrollment numbers for Marlboro County.

**27.** Substantially younger Case Managers with full staffing and office accommodations were retained despite similar enrollment struggles.

**28.** The county to which Plaintiff was reassigned had known enrollment challenges and had been without an active Case Manager for an extended period. Despite these known conditions, Defendant did not assign Alumni Peer Navigators ("APNs") or provide the staffing support, office accommodations, or compensation within the posted pay range that were provided to substantially younger Case Managers in

other counties. Defendant later relied on enrollment metrics as justification for Plaintiff's termination.

**29.** During a meeting attended by federal grant representatives, it was stated that the APN program funding allowed for additional compensation for Case Managers who supervised APNs. Two substantially younger Case Managers were assigned APNs. Plaintiff was not assigned APNs and was not afforded the same opportunity for supervisory responsibilities or potential additional compensation.

**30.** Plaintiff's supervisor stated that Marlboro County would receive two APNs, and the Executive Director indicated she would "look into" assigning APNs after Plaintiff raised concerns about equal staffing. Plaintiff was never assigned APNs and did not receive any additional supervisory compensation.

### Office Conditions and Protected Activity

**31.** Plaintiff was repeatedly denied stable, private office space and was required to work from public or shared spaces, including libraries and offices outside her assigned county.

**32.** In September 2024, Plaintiff was relocated to an office in Marion County that was unsanitary and lacked essential tools, including filing cabinets, keys, and printer access.

**33.** Plaintiff complained to her supervisor, HR, and the Executive Director/CEO regarding these conditions and the inequitable denial of resources.

**34.** Plaintiff also complained that younger Case Managers were treated more favorably with respect to staffing, office space, and support.

**34a.** Following Plaintiff's repeated written complaints via email regarding the inequitable denial of staffing and resources, Defendant failed to address or remedy these disparities. Instead, Defendant responded with a campaign of heightened scrutiny and harsh treatment toward Plaintiff—conditions that were not imposed on substantially younger Case Managers who were provided the very resources Plaintiff was denied.

## Termination

**35.** In late March 2025, Defendant modified its remote work policy, requiring Case Managers to report to assigned offices five days per week.

**36.** Plaintiff raised concerns regarding the unsanitary and ill-equipped condition of her assigned office during a staff meeting.

**37.** On March 28, 2025, within hours of raising these concerns, Plaintiff was terminated via Zoom at approximately 2:00 p.m.

**38.** Defendant stated that the reason for termination was "not meeting enrollment goals."

39. That explanation is pretextual. Younger Case Managers who failed to meet enrollment goals despite receiving greater support were not terminated.

## Unemployment Proceedings

40. Following termination, Defendant opposed Plaintiff's claim for unemployment benefits.

41. On May 27, 2025, and affirmed by the Appellate Panel on July 16, 2025 (Appeal No. 25-HA-000477), the South Carolina Department of Employment and Workforce (SCDEW) issued a Final Decision finding that Defendant failed to provide Plaintiff with adequate training and resources, and that any alleged performance issues were not due to negligence or misconduct on the part of the Plaintiff. **Exhibit B**

42. Defendant's continued characterization of Plaintiff's performance as deficient further evidences retaliatory motive.

## IV. CAUSES OF ACTION

## COUNT I

## Age Discrimination in Violation of the ADEA

43. Plaintiff incorporates all preceding paragraphs.

44. Plaintiff, age 60, was qualified for her position.

45. Defendant treated Plaintiff less favorably than substantially younger employees with respect to staffing, office resources, discipline, and termination.

46. Plaintiff was terminated because of her age.

47. Defendant's stated reason for termination was false and a pretext for unlawful age discrimination.

## COUNT II

Retaliation in Violation of the ADEA

48. Plaintiff incorporates all preceding paragraphs.

49. Plaintiff engaged in protected activity by opposing what she reasonably believed to be unlawful age discrimination, including complaining to her supervisor, Human Resources, and the Executive Director that substantially younger employees were treated more favorably.

50. Plaintiff suffered an adverse employment action when she was terminated.

51. Plaintiff's termination occurred in close temporal proximity to her protected complaints.

52. Defendant's actions were retaliatory and in violation of the ADEA.

## Count III

Violation of the South Carolina Human Affairs Law (S.C. Code Ann. § 1-13-10 et seq.)

**53.** Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

**54.** At all times relevant, Defendant was an "employer" as defined by **S.C. Code Ann. § 1-13-30(e)**.

**55.** The South Carolina Human Affairs Law (SCHAL) prohibits an employer from discharging or otherwise discriminating against an individual with respect to their compensation, terms, conditions, or privileges of employment because of such individual's age.

**56.** Defendant violated the SCHAL by treating Plaintiff less favorably than younger employees regarding staffing, resources, and compensation, and by terminating Plaintiff's employment because of her age.

**57.** The SCHAL also prohibits retaliation against an employee who has opposed an unlawful employment practice.

**58.** Defendant violated the SCHAL by terminating Plaintiff's employment in retaliation for her complaints regarding age-based disparate treatment and inequitable working conditions.

**59.** As a direct and proximate result of Defendant's willful and unlawful conduct, Plaintiff has suffered and continues to suffer loss of wages, benefits, and other economic damages.

**V. RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award back pay and lost benefits from March 29, 2025, through judgment, plus interest, including the salary differential for the period Plaintiff performed Case Manager duties while being compensated at the lower Health Facilitator rate;

2. Award prejudgment and post-judgment interest as allowed by law;

3. Award front pay in lieu of reinstatement;

4. Award liquidated damages under the ADEA for willful violation, in an amount equal to back pay;

5. Order Defendant to expunge negative references to "termination for cause" from Plaintiff's personnel file;

6. Award costs of this action;

7. Award all available remedies under the South Carolina Human Affairs Law, including but not limited to back pay and costs; and

8. Grant such other relief as the Court deems just and proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully Submitted,

*Cynthia Epps*

Cynthia Epps, Pro Se

621 South 9th Ave. Apt. D-5 Dillon, SC 29536

(678) 826-8647

mrspclthomas@live.com

**VERIFICATION**

I, Cynthia Epps, declare under penalty of perjury that I am the Plaintiff in the above-action; that I have read the foregoing Complaint and know the contents thereof; and that the same is true of my own knowledge, except as to those matters which are therein stated upon information and belief, and as to those matters, I believe them to be true.

Executed this 4th day of March, 2026.

*Cynthia Epps*